**So Ordered.**

**Dated: February 22nd, 2023**



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>MANUEL SAILE YBANEZ, II,<br><br>                       Debtor. | Case No. 16-02182-FPC13<br>Chapter 13<br><br>**ORDER DENYING APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS (ECF No. 111)** |

      THIS MATTER came before the Court on an Application for Payment of Unclaimed Funds. (ECF No. 111)[1] On January 5, 2023, someone falsely posing as Julie Pendleton, an attorney at the law firm Lasher Holzapel Sperry & Ebberson, PLLC, filed the application for unclaimed funds, pretending to be the representative for the debtor, Manuel Saile Ybanez II. An objection was filed by the United States Department of Justice. (ECF No. 113) The court held a hearing on the application on February 14, 2023. The real Julie Pendleton attended the hearing and testified that she did not submit the application. Neither the debtor, nor

---

[1] This is not the first application in this case for unclaimed funds. On April 8, 2021, Shadi Ghaith, Inc., a Delaware Corporation applied for the entire amount of the unclaimed funds. (ECF No. 98) A hearing was held on June 22, 2021. (ECF No. 107) No representative of the applicant attended the hearing. (ECF No. 108) Attorney for debtor was unaware of the alleged assignment of rights to unclaimed funds but was unable to contact debtor for questioning. (ECF No. 107)

ORDER DENYING APPLICATION FOR UNCLAIMED FUNDS    Page 1

a representative of the debtor, attended the hearing. (ECF No. 117) For the reasons set forth below, the application is denied.

## Background

Debtor Manuel Ybanez II filed for protection under Chapter 13 of the bankruptcy code on July 8, 2016. (ECF No. 1) The debtor's plan was confirmed on October 10, 2016; however the case was later dismissed for non-payment of plan payments. (ECF Nos. 34; 89) The Chapter 13 Trustee held $51,870.00 that was not disbursed to the creditors or returned to the debtor. (ECF No. 95) These funds were eventually deposited with the Clerk of the United States Bankruptcy Court and currently remain unclaimed, despite the Chapter 13 Trustee's diligent efforts to return the money to the debtor. (ECF Nos. 93; 94)

## Discussion

The Bankruptcy Code requires a trustee to pay into the bankruptcy court any distributions payable to a creditor that the creditor does not timely claim. 11 U.S.C. § 347(a); *see also* Fed. R. Bankr. P. 3011. A bankruptcy court has a duty to ensure that unclaimed funds are paid to the "rightful owners" upon "full proof of the right thereto." 28 U.S.C. §§ 2041, 2042; *see In re Pena*, 456 B.R. 451, 453 (Bankr. E.D. Cal. 2011). The applicant has the burden to prove that they are the proper party to make the claim and that the claimant is entitled to the unclaimed funds. *Id.*

Federal Rule of Bankruptcy Procedure 9009(a) requires Official Forms be used unless otherwise prescribed in the rules. Fed. R. Bankr. P. 9009(a). Federal Rule of Bankruptcy Procedure 9029(a)(1) authorizes courts to create their own local forms. Fed. R. Bankr. P. 9029(a)(1). The Eastern District of Washington Bankruptcy Court has no local rule relating to an application for releasing unclaimed funds. Therefore, Official Form 1340 for Application for Payment of Unclaimed Funds governs.

Official Form 1340 requires specific supporting documentation accompany an application for unclaimed funds.[2] The application must include: (1) proof of identity of the representative of the claimant; (2) a notarized power of attorney signed by the claimant (or claimant's representative); and (3) documentation sufficient to establish the claimant's identity and entitlement to the funds.[3]

Here, an application was purportedly filed by on behalf of Manuel Ybanez, by someone impersonating Julia Pendleton, an attorney of Lasher Holzapel Sperry & Ebberson, PLLC. On its face, the application is deficient for several reasons. The driver's license photograph provided with the application (ECF No. 112) does not resemble Julie Pendleton.[4] The email address provided in the application is not

---

[2] *See* Application for Payment of Unclaimed Funds, revised 12/1/19. (https://www.uscourts.gov/sites/default/files/form_1340_application_unclaimed_funds.pdf); and Instructions for Filing the Application for Payment of Unclaimed Funds, revised 12/1/19 (the "Instructions) (https://www.uscourts.gov/sites/default/files/form_1340_instructions_-_application_unclaimed_funds_2019.pdf)
[3] *Id*.
[4] See https://www.lasher.com/attorneys/julie-m-pendleton/

ORDER DENYING APPLICATION FOR UNCLAIMED FUNDS   Page 3

consistently drafted: the application and supporting documents do not use the same capitalization scheme in the email address. (ECF No. 112) The application's supporting documents do not use firm letterhead for Ms. Pendleton's law firm of Lasher Holzapfel Sperry & Ebberson; the application incorrectly spells the firm name ("Spery" and "Holzapel"). (ECF No. 111) The limited power of attorney supporting documentation labels Lasher Holzapfel Sperry & Ebberson as a "Washington limited liability company" instead of the correct label PLLC. (ECF No. 111)

Moreover, the notarized power of attorney is deficient.[5] Significantly, the application provides insufficient substantiation provided to confirm claimant's identity.[6] Most importantly, Julie Pendleton appeared at the hearing and testified under oath that she did not submit the application, and the email used in the application is not used by her. (ECF No. 117) Therefore, the application is insufficient to provide proof of identification as required by Official Form 1340. Accordingly, the application is denied.

---

[5] A notary public license search for "Jennifer Garland" in the Washington State Department of Licensing, results in a notary public named "Jennifer Crystal Garland" who has a license number of 104266, with an issue date of March 11, 2022, and expiration date of March 19, 2026. The application bears license number 335858 and expiration date December 9, 2023. Additionally, a search for a notary public with the license number used in the application returns no results. Accordingly, there is not sufficient evidence to meet the notarization requirement of Official Form 1340.

[6] The signature on the application is noticeably different than the signature used in the bankruptcy petition. (ECF No. 1)

## Basis for Criminal Prosecution

The Court finds that the above-described deficiencies are indicative of fraud. A fraudulent application for unclaimed funds may violate one or more of the following federal statutes:

(1) <u>18 U.S.C. § 152(3):</u> knowingly and fraudulently making a false declaration under the penalty of perjury in a bankruptcy proceeding;

(2) <u>18 U.S.C. § 152(6):</u> knowingly and fraudulently attempting to obtain money in a bankruptcy proceeding;

(3) <u>18 U.S.C. § 1621(2):</u> making a declaration or statement under penalty of perjury "which he does not believe to be true;"

(4) <u>18 U.S.C. § 1341:</u> devising a scheme to defraud or obtain money under false or fraudulent pretenses or representations, utilizing any post office or depository for mail;

(5) <u>18 U.S.C. § 1342:</u> using or assuming a name or address other than their own proper name for purposes of conducting a scheme described in 18 U.S.C. § 1341;

(6) <u>18 U.S.C. § 1028:</u> knowingly producing false identification document or authentication feature that is transported by mail.

The application will be referred to the appropriate law enforcement agency for further investigation.

Therefore, IT IS ORDERED:

The Application for Payment of Unclaimed Funds (ECF No. 111) is **DENIED**.

/// END OF ORDER ///